IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONDELEZ GLOBAL LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17 C 840 |
| | ) |
| INTERNATIONAL ASSOCIATION OF | ) |
| MACHINISTS AND AEROSPACE | ) |
| WORKERS DISTRICT NO. 8, AFL-CIO, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Mondelez Global, LLC's (MG) motion for summary judgment and on Defendant International Association of Machinists and Aerospace Workers, AFL-CIO, District 8's (Union) motion for summary judgment. For the reasons stated below, the Union's motion for summary judgment is granted and MG's motion for summary judgment is denied.

**BACKGROUND**

MG contends that it entered into a collective bargaining agreement (CBA) with the Union. Starting in March 2015, MG allegedly decided to prohibit Union employees from working seven consecutive days without a 24-hour period of rest.

1

MG allegedly determined that such a prohibition was consistent with the One Day Rest in Seven Act (ODRISA) 820 ILCS 140/1. Union employees then allegedly filed a series of grievances protesting MG's decision to limit their ability to work and gain overtime. Article 15 of the CBA (Article 15) allegedly provides a mandatory grievance resolution procedure. In March 2015, the Union allegedly consolidated the grievances in a class grievance (Grievance) and the parties were unable to reach a resolution. The parties also allegedly sought separate legal opinions from the Illinois Department of Labor (IDOL), but the IDOL declined to issue such opinions. In accordance with Article 15, the parties then allegedly submitted the Grievance to binding arbitration. On November 23, 2016, the arbitrator (Arbitrator) in the arbitration proceedings allegedly ruled in favor of the Union, finding that a binding past practice had developed between the parties, which allowed employees to volunteer to work seven consecutive days without a 24-hour period of rest. MG brought the instant action and includes a claim in its complaint seeking to vacate the arbitration award. The Union has also filed a counterclaim-seeking to confirm the arbitration award. The parties have now filed cross motions for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A

"genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

## DISCUSSION

The Seventh Circuit has recognized that there is a "federal policy favoring arbitrability" when disputants have agreed to arbitrate a dispute. *Karl Schmidt Unisia, Inc. v. International Union, United Auto., Aerospace, and Agr. Implement Workers of America, UAW Local, 2357*, 628 F.3d 909, 913 (7th Cir. 2010). In addition, the Federal Arbitration Act "embodies both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract."

*Gore v. Alltel Communications, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012)(internal quotations omitted)(quoting *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745 (2011)). In furtherance of the federal policy favoring arbitration, the Seventh Circuit has broadly construed arbitration clauses, presuming that the parties have agreed to arbitrate disputes, and has extremely limited the scope of judicial review of arbitrators' decisions. *See, e.g., Prate Installations, Inc. v. Chicago Regional Council of Carpenters*, 607 F.3d 467, 470 (7th Cir. 2010)(stating that "[j]udicial review of arbitration awards is extremely limited, and the merits of the arbitrator's decision will not be reviewed")

The Seventh Circuit has also made clear that "only if the arbitrator's decision fails to draw[ ] its essence from the collective bargaining agreement will a court refuse to enforce that decision." *Carpenter Local No. 1027, Mill Cabinet-Industrial Div. v. Lee Lumber and Bldg. Material Corp.*, 2 F.3d 796, 797 (7th Cir. 1993)(internal quotations omitted)(quoting *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960))(stating, in addition, that "[a]n arbitration award draws its essence from the contract so long as that award is based on the arbitrator's interpretation of the contract-even if the court is convinced that interpretation is unsound or based on a factual or legal error"). In addition, the Seventh Circuit has created a limited exception to reverse an arbitration award when "the arbitrator deliberately disregards what he knows to be the law." *Eljer Mfg., Inc. v. Kowin Development Corp.*, 14 F.3d 1250, 1254 (7th Cir. 1994)(stating that "[e]rrors in the arbitrator's interpretation of law or findings of fact do not merit

reversal under this standard"). In the instant action, MG contends that the Arbitrator's ruling is contrary to public policy and is incorrect as a matter of law. The Union asserts that this court should enforce the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and the federal policy favoring the enforcement of arbitration awards.

It is undisputed: (1) that MG and the Union are parties to the CBA, (2) that the CBA provides for the ultimate resolution of grievances in binding arbitration, and (3) that the Grievance was properly submitted to binding arbitration in accordance with Article 15, and (4) that the Arbitrator ruled in favor of the Union and sustained the Grievance finding that MG had violated Article 2 of the CBA relating to overtime scheduling. (R USF Par. 9, 11, 22, 27, 30, 35). During the arbitration, the Arbitrator found that ODRISA was preempted, but he found that even if state law applied the Union should prevail. (11/23/16 Arb. 16). As explained below, MG waived its arguments as to a violation of public policy and even if the court finds that MG had not waived such arguments, they lack any merit.

I.  Waiver of Argument

The Union contends that MG has waived its public policy argument. It is undisputed that MG's defense to the Grievance was that MG's decision was mandated by ODRISA. Instead, MG chose to pursue arbitration and after the Union prevailed MG has initiated litigation to challenge the arbitrator's rulings. The economic benefits that stem from the efficiency of arbitration will be lost if a party is

5

able to sit on its rights and wait and see to raise arguments in subsequent litigation. MG also contends that IDOL failed to respond to requests for an advisory opinion and dismissed a complaint filed by the Union. However, the record shows that the precise issue presented in this case was not before the IDOL and nothing prevented MG from seeking a pre-arbitral declaration. Thus, MG has waived its public policy argument.

II. Public Policy

The Union argues that even if MG had not waived its public policy argument, the argument lacks any merit. A district court "should vacate an arbitration award if the arbitrator's interpretation of the collective bargaining agreement was contrary to public policy." *Titan Tire Corp. of Freeport v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, 734 F.3d 708, 716-17 (7th Cir. 2013)(internal quotations omitted)(quoting *E. Associated Coal Corp. v. United Mine Workers of Am.*, 531 U.S. 57, 62 (2000)). However, this is a limited exception to the limited scope of review of an arbitrator's ruling and "[t]he public policy must be well defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents and not from general consideration of supposed public interests." *Titan Tire Corp.*, 734 F.3d at 716-17 (internal quotations omitted)(quoting *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber*, 461 U.S. 757, 766 (1983)); *see also Univ. of Chicago Med. Ctr. v. Int'l Bhd. of Teamsters, Local 743*, 2016 WL 3671465, at *2 (N.D. Ill. 2016)(explaining that

6

the public-policy exception is limited to instances of a clearly defined policy).

In the instant action, as the Arbitrator properly concluded, there is no clear mandate in state law regarding the administration of ODRISA that would prohibit MG from allowing employees with limitations to voluntarily decide to work seven consecutive days without a 24-hour period of rest. (11/23/16 Arb. 17-19). As the Arbitrator pointed out, the former IDOL General Counsel issued an advisory opinion in 2013 that actually supported the Union's position that employees could voluntarily choose to work without the 24-hour period of rest and waive their rights under ODRISA. (11/23/16 Arb. 17, 19). The Arbitrator properly concluded that there was no well defined and dominant public policy that would supersede the CBA and the past practice relating to the assignment of work and overtime.

MG points to ODRISA as evidence of a public policy. However, ODRISA itself merely contains permissive language and expressly mandates that an employer "allow" employees the 24-hour period of rest. 820 ILCS 140/2. MG has not shown that the Arbitrator erred in his assessment of state law when considering ODRISA. Nothing in ODRISA prohibits an employee from voluntarily choosing to forego the 24-hour period of rest. As MG itself also concedes, the ODRISA and regulations specifically contemplate exceptions, allowing the IDOL to issue permits to employees authorizing them to disregard the 24-hour period of rest requirement. (MG SJ 5)(MG SF Par. 5). Nothing in the Arbitrator's award directed MG to allow employees to work certain days without seeking the necessary permits, consistent with ODRISA. MG also cites to an arbitration ruling in *Jewel Food Stores, Inc. And*

*Teamsters Local 710*, 2009 WL 9419862 (Kossoff, March 18, 2009), (PSJ 7), but such a decision falls far short of creating a clear public policy that would justify MG's actions in this case.

MG has failed to show that the Arbitrator erred or that his ruling should be vacated. The Arbitrator ensured that the ODRISA rights of employees were properly protected and even put forth a waiver form that could be utilized by MG to alleviate any concerns as to ODRISA. (11/23/16 Arb. 20-21). The Union employees have a right to determine themselves whether they will freely and voluntarily, without duress or compulsion, choose not to avail themselves of the 24-hour period of rest that is made available in ODRISA. MG cannot dictate to such employees their choice in order to limit work hours and MG cannot undue a proper arbitration award. The Union has shown that based on the undisputed facts that the Arbitrator's award should be confirmed as a matter of law. Based on the above, the Union's motion for summary judgment is granted and MG's motion for summary judgment is denied.

## CONCLUSION

Based on the foregoing analysis, the Union's motion for summary judgment is granted and MG's motion for summary judgment is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 27, 2017

8